**QUINN E. KURANZ** OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
65 SW Yamhill St., Suite 300
Portland, OR 97204
Telephone: 503-914-3930
Fax: 503-200-1289
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARTIN LOPEZ CHAVEZ, RAUL GOMEZ, ET. AL.<br><br>Plaintiffs,<br><br>v.<br><br>**ALL OREGON LANDSCAPING, INC., CRAIG PRUNTY, an individual, and TONY PRUNTY, an individual.**<br><br>Defendants. | CASE NO.:  3:19-CV-00719<br><br>COMPLAINT FOR COLLECTIVE ACTION; CLASS ACTION; INDIVIDUAL CLAIMS; FAILURE TO PAY OVERTIME; PENALTIES; LIQUIDATED DAMAGES-ORS 653.055; ORS 652.150; 29 USC §§ 207, 216<br><br>JURY DEMAND |

Plaintiff alleges:

**I.    JURISDICTION AND VENUE**

1. Plaintiff Martin Lopez Chavez lives in the state of Oregon.

2. Plaintiff Raul Gomez lives in the state of Oregon.

3. The term Landscapers refers to All Oregon Landscaping, Inc. employees that worked on residential and commercial landscaping projects, including plaintiffs, as all Landscapers were subjected to the same pattern, practice, and policy of not being paid overtime pay

Page 1    COMPLAINT – FAILURE TO PAY OVERTIME

for all overtime hours worked.

4. Defendant All Oregon Landscaping, Inc. is a domestic business corporation. It sustains business in Multnomah County, Oregon, Washington County, Oregon, and Southern Washington.

5. Defendant Craig Prunty (herein referred to individually as "Craig Prunty"), based on reasonable knowledge and belief, is a resident of the state of Oregon.

6. Defendant Tony Prunty (herein referred to individually as "Tony Prunty"), based on reasonable knowledge and belief, is a resident of the state of Oregon.

7. This court has subject matter jurisdiction because the claims alleged herein arise under the Fair Labor Standards Act (FLSA).  28 USC § 1331.

8. This court has subject matter jurisdiction over plaintiffs' state law wage claims because plaintiffs' state law wage claims arise from the same set of facts as plaintiffs' FLSA claims.  28 USC § 1337.

9. Plaintiffs' claims arose primarily in Washington County and Multnomah County, Oregon.  Venue in the Portland Division is appropriate.

## II. FACTS COMMON TO ALL CLAIMS—LANDSCAPERS

10. Defendants sustain a landscaping business using instrumentalities of interstate commerce, including performing landscaping services in more than one state and using interstate freeways and highways. Landscapers are or were employed using instrumentalities or interstate commerce.

11. Based on reasonable knowledge and belief, to be determined by additional discovery, defendants may be subject to the Fair Labor Standards Act under Enterprise Coverage as

defendants gross more than $500,000 per year and employ at least two subject employees.

12. Landscapers are otherwise covered under the Fair Labor Standards Act because a part of their duties in which they were routinely required to use instrumentalities of interstate commerce in the performance of their employment for defendant including carrying out landscaping projects in Oregon and Southern Washington.

13. Defendants counted all hours worked by landscapers using a punch-clock time system.

14. Defendants paid landscapers, in part, by check, every two weeks, for landscapers' regular wages up to 40 hours per week. For all hours worked in excess of 40 hours per week ("overtime hours"), defendants paid Landscapers sporadically on dates that did not coincide with the established regular pay date.

15. Defendants paid Landscapers straight-time for all hours worked in excess of 40 hours per week in cash.

16. Defendants did not pay Landscapers 1.5 times their regular rate for hours worked in excess of 40 hours per week.

17. Defendant Craig Prunty paid landscapers overtime in cash and provided landscapers with a slip of paper outlining the excess hours landscapers worked in a two week pay period, their hourly rate, and money paid to each individual landscapers, in cash, for all hours worked in excess of 80 hours per two week period.

18. Defendants Craig Prunty and Tony Prunty employed the landscapers and acted on behalf of defendants' corporate business in relation to payment and employment of all landscapers and, based on reasonable belief, to be shown after additional discovery,

helped implement the policy and practice of paying plaintiff as described herein. FLSA § 203(d).

19. Defendants required landscapers to work at their headquarters and various locations within Oregon and Washington. Landscapers generally worked M-F and worked more than 40 hours per week.

20. Defendants have and had a legal obligation to keep, make, and maintain, records sufficient to demonstrate the actual hours that employees worked each week.

21. Defendants employ approximately 20 landscapers at any given time, but the group of collective or class members would be larger than that because of the rate of turnover among the Landscapers with defendants.

22. Landscapers were paid at various hourly rates.

23. Landscapers were subjected to supervision, direction, and control from defendants, and did not have the ability to exercise independent judgment in connection with matters of significance on behalf of defendants' company or companies.

24. Part of each landscaper's duties included manual labor, installing automated water systems, installing planter boxes, sod, mulch, rock, cement, lighting, water features, drainage systems, walk ways, pavement, and mulch, planting various flowers, shrubs, trees, and bushes, building, driving, and other residential or commercial landscaping tasks.

25. Defendants paid landscapers all hours worked in excess of 40 hours per week at their regular hourly rate.

26. Landscapers were not exempt from the payment of overtime, but defendants did not pay

Landscapers at a rate of 1.5 times their regular rate for all hours worked in excess of 40 hours per week.

27. Defendants failed to provide landscapers with accurate, itemized wage statements throughout the course of his employment.

28. Landscapers request equitable tolling to apply to all claims on behalf of all Landscapers, dating back to at least April 2013, on the basis of defendants intentional interference with a US Department of Labor Investigation or Audit.  Based on reasonable knowledge and belief, upon receipt of a noticed visit from the US Department of Labor, Wage and Hour Division ("WHD"), defendants intentionally hid the punch clock and informed WHD investigators that employees worked a fixed, set schedule of no more than 40 hours per week.  Because defendants intentionally deceived the Department of Labor, precluding wage claims on behalf of Landsacpers, this court should equitably toll the statute of limitations to three years before the WHD investigators cite visit. Equitable tolling to include claims dating back to at least April of 2013.

29. During employment, defendants willfully failed to pay Landscapers 1.5 times their regular rate for hours worked in excess of 40 hours per week.

30. During employment, defendants willfully failed to pay Landscapers wages for time worked in excess of 40 hours per week timely, instead paying the straight-time wages for hours in excess of 40 per week sporadically and infrequently.

31. Defendants are required to be in possession, custody, and control of Landscaper time records, as well as records identify the amounts paid for regular pay and hours worked in excess of 40 hours per week.

32. Landscapers are entitled to recover unpaid overtime wages, liquidated damages equal to the amounts of overtime wages paid late as well as the amount of unpaid overtime, and costs, disbursements, and attorney fees.  ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

### III. PLAINTIFFS SEEK TO REPRESENT ALL EMPLOYEES COLLECTIVELY UNDER THE FLSA AND AS A CLASS FOR STATE PENALTIES

33. Plaintiffs as individuals, as well as on behalf of the collective group of Landscapers seeks to represent all similarly situated employees of defendants in their FLSA claims, and incorporate allegations made in paragraphs 1 to 32.

34. Plaintiffs seek to represent all Landscapers because they were all exposed to the same pattern and practice of not paying 1.5 times the regular rate of pay for all hours worked in excess of 40 hours per week, as well as the pattern and practice of not paying overtime hours worked on the regularly scheduled payday.

35. At all material times herein, defendant All Oregon Landscaping, Inc., defendant Craig Prunty, and defendant Tony Prunty were and are an employer of the Landscaper employees within the meaning of the FLSA.

36. Defendants are covered under the FLSA.

37. Defendants continue to employee Landscapers that may also have claims for unpaid overtime and liquidated damages against defendants.

38. Plaintiffs as individuals, as well as on behalf of the collective group of Landscapers they seek to represent are or were paid on an hourly basis and not exempt from the right to receive overtime payments under the FLSA or Oregon law.

39. Plaintiffs as individuals, as well as on behalf of the collective group of Landscapers they seek to represent are entitled to be paid overtime compensation at the overtime rate for all overtime hours worked as well as liquidated damages equal to the amount of unpaid overtime and liquidated damages equal to the amount of untimely paid overtime.

40. At all material times, defendants had a policy and practice of not properly paying Landscapers overtime hours worked in paying the employees at their regular rate for overtime hours, and not paying timely for those overtime hours worked. Landscapers routinely worked in excess of 40 hours per week.

41. As a result of defendants' failure to compensate its Landscapers at a rate of 1.5 times the regular rate of pay for worked performed in excess of forty hours per work week, defendants violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq., and Oregon Law including 29 U.S.C. § 207(a)(1) and § 215(a), and ORS 653.055.

42. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA and Oregon Law within the meaning of 29 U.S.C. § 255(a) and ORS 652.150.

43. Plaintiffs as individuals, as well as on behalf of the collective group of Landscapers they seek to represent are entitled to damages in the amount of their respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) and such other legal and equitable relief as the Court deems just and proper.

44. Plaintiffs as individuals, as well as on behalf of the collective group of Landscapers they seek to represent requests recovery of attorneys' fees and costs associated with this case under 29 U.S.C. §216(b); ORS 652.200; ORS 653.055.

45. Plaintiffs as individuals, as well as on behalf of the collective group of Landscapers seek

to recover a state law penalty equal to 240 hours at the employee's regular rate of pay for defendants' willful failure to pay overtime wages.

## IV. PLAINTIFFS MAY SEEK TO PURSUE THEIR CLAIMS AS INDIVIDUALS

46. Plaintiff's seek to represent themselves and a collective and class of Landscapers who were similarly situated in their claims for unpaid overtime, untimely paid overtime, liquidated damages, state penalties for failure to pay overtime, and costs, disbursements, and attorney fees. In the event a collective or class action is not certified, approved, or pursued, plaintiffs seek to pursue their own wage claims as alleged. Plaintiff's incorporate allegations from paragraphs 1 to 45 herein.

### A.   PLAINTIFF'S INDIVIDUAL CLAIMS—LOPEZ CHAVEZ

47. Defendants hired Plaintiff Lopez Chavez in mid-2000.

48. Plaintiff worked for defendants until late January, 2019, when plaintiff resigned his position.

49. Defendants paid plaintiff on an hourly basis. At the time of his separation from employment with defendants, plaintiff earned $21.00 per hour.

50. Plaintiff worked as a Landscape Crew Leader. The primary duties were related to the defendants' business of providing residential and commercial landscaping services. Primarily, plaintiff was tasked with overseeing a crew of 3-4 individuals, carrying out various landscaping projects for clients throughout Washington County, Multnomah County, and Southern Washington.

51. From April 2013 to January 2019 plaintiff regularly worked overtime hours in excess of 40 hours per week.

52. Defendants paid plaintiff his regular hourly rate for hours worked in excess of 40 hours per week; however, defendants did not pay those wages for overtime hours worked timely.

53. Defendants paid plaintiff untimely for all overtime hours worked as defendants failed to pay overtime on each regularly scheduled pay day.

54. Defendants did not pay plaintiff 1.5 times his regular rate for all overtime hours worked. Plaintiff remains unpaid for .5 times his regular rate of pay for the overtime hours he worked.

55. At the time of separation, defendants' willfully failed to pay plaintiff any overtime wages. These wages remain unpaid.

56. Plaintiff Lopez-Chavez, is entitled to recover .5 times his regular rate for all overtime hours worked, liquidated damages for all overtime hours paid untimely as well as for all unpaid overtime, a state penalty, costs, disbursements, and attorney fees.  ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

### B. PLAINTIFF'S INDIVIDUAL CLAIMS—GOMEZ

57. Defendants hired Plaintiff Gomez around mid-2016.

58. Plaintiff worked for defendants until about mid-February, 2018, when plaintiff resigned his position.

59. At the time of plaintiff's separation from employment, he was earning $16.00 per hour.

60. Plaintiff worked as a Landscape Crew Member. The primary duties were related to the defendants' business of providing residential and commercial landscaping services. Primarily, plaintiff was tasked with carrying out various landscaping projects for clients

throughout Washington County, Multnomah County, and Southern Washington on a team of 3-4 individuals.

61. From June, 2016 to February, 2018 plaintiff worked overtime hours in excess of 40 hours per week.

62. Defendants paid plaintiff his regular hourly rate for hours worked in excess of 40 hours per week; however, defendants did not pay those wages for overtime hours worked timely.

63. Defendants paid plaintiff untimely for all overtime hours worked as defendants failed to pay overtime on each regularly scheduled payday.

64. At the time of separation, defendants' willfully failed to pay plaintiff 1.5 times his regular rate for all overtime hours worked.

65. At the time of separation, defendants' willfully failed to pay plaintiff any overtime wages. These wages remain unpaid.

66. Plaintiff Lopez-Chavez, is entitled to recover .5 times his regular rate for all overtime hours worked, liquidated damages for all overtime hours paid untimely as well as for all unpaid overtime, a state penalty, costs, disbursements, and attorney fees.  ORS 653.055; ORS 652.200; 29 USC §§ 207, 216.

### V. CLAIMS FOR RELIEF

#### A. *Landscapers' Wage Claims*

67. Landscapers incorporate all allegations in relation to their wage claims from paragraphs 1-66.

68. Defendants' actions were willful in that defendants knew landscapers were owed 1.5

times their regular rate for hours worked in excess of 40 hours per week but did not pay them the wages in the amount that they were owed.

69. Landscapers are entitled to recover unpaid overtime wages at .5 times their regular rate of pay for each hour worked in excess of 40 hours per week for which defendants did not pay plaintiffs at a rate of 1.5 times their regular rates.

70. Landscapers are entitled to recover liquidated damages equal to the unpaid overtime.

71. Landscapers are entitled to recover liquidated damages equal to the amount of untimely paid overtime for each time that defendants paid Landscapers their regular rates for hours worked in excess of 40 hours per week, but paid those wages late, and not on the next regularly scheduled payday.  FLSA § 216

72. Landscapers are entitled to recover a state penalty for defendants' willful failure to pay overtime wages to Landscapers in the amount equal to 240 hours at their regular rate of pay.  ORS 653.055; ORS 652.140; ORS 653.150.

73. Landscapers are entitled to recover costs, disbursements, a prevailing party fee, and attorney fees.  ORS 652.200; ORS 653.055; 29 USC § 216.

74. Landscapers seek equitable tolling for claims exceeding three years.

**B.** *Plaintiff Lopez's Individual Wage Claims*

75. Plaintiff incorporates all allegations in relation to their wage claims from paragraphs 1-66.

76. Defendants' actions were willful in that defendants knew Lopez was owed 1.5 times his regular rate for hours worked in excess of 40 hours per week but did not pay him the wages in the amount that he was owed.

Page 11  COMPLAINT – FAILURE TO PAY OVERTIME

77. Plaintiff is entitled to recover unpaid overtime wages at .5 times his regular rate for each hour worked in excess of 40 hours per week for which defendants did not pay plaintiff at his rate of 1.5 times his regular rate.

78. Plaintiff is entitled to recover all unpaid overtime wages, or unpaid wages of any kind.

79. Plaintiff is entitled to recover liquidated damages equal to all his the unpaid overtime.

80. Plaintiff is entitled to recover liquidated damages equal to the amount of untimely paid overtime for each time that defendants paid plaintiff his regular rate for hours worked in excess of 40 hours per week, but paid those wages late, and not on the next regularly scheduled payday.  FLSA § 216

81. Plaintiff is entitled to recover a state penalty for defendants' willful failure to pay overtime wages to plaintiff in the amount equal to 240 hours at their regular rate of pay. ORS 653.055; ORS 652.140; ORS 653.150.

82. Plaintiff is entitled to recover costs, disbursements, a prevailing party fee, and attorney fees.  ORS 652.200; ORS 653.055; 29 USC § 216.

83. Plaintiff seeks equitable tolling for claims going back further than 3 years.

C. *Plaintiff Gomez's Individual Wage Claims*

84. Plaintiff incorporates all allegations in relation to their wage claims from paragraphs 1-66.

85. Defendants' actions were willful in that defendants knew Gomez was owed 1.5 times his regular rate for hours worked in excess of 40 hours per week but did not pay him the wages in the amount that he was owed.

86. Plaintiff is entitled to recover unpaid overtime wages at .5 times his regular rate for each

hour worked in excess of 40 hours per week for which defendants did not pay plaintiff at his rate of 1.5 times his regular rate.

87. Plaintiff is entitled to recover all unpaid overtime wages, or unpaid wages of any kind.

88. Plaintiff is entitled to recover liquidated damages equal to all his the unpaid overtime.

89. Plaintiff is entitled to recover liquidated damages equal to the amount of untimely paid overtime for each time that defendants paid plaintiff his regular rate for hours worked in excess of 40 hours per week, but paid those wages late, and not on the next regularly scheduled payday. FLSA § 216

90. Plaintiff is entitled to recover a state penalty for defendants' willful failure to pay overtime wages to plaintiff in the amount equal to 240 hours at their regular rate of pay. ORS 653.055; ORS 652.140; ORS 653.150.

91. Plaintiff is entitled to recover costs, disbursements, a prevailing party fee, and attorney fees. ORS 652.200; ORS 653.055; 29 USC § 216.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

DATED this May 7, 2019.

        /s/Quinn E. Kuranz
        Quinn E. Kuranz, OSB #114375
        Of Attorney for Plaintiff